IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-01660-EWN-MEH

SLAWOMIR GOLABEK,

    Plaintiff,

v.

HOME DEPOT U.S.A., INC.,

    Defendant.

## ORDER ON MOTION FOR PROTECTIVE ORDER RE 30(b)(6) NOTICE

Defendant has filed a Motion for Protective Order Re: Rule 30(b)(6) Notice (Docket #50). The motion has been referred to this Court (Docket #51). For the following reasons, the Motion for Protective Order is **granted in part** and **denied in part**..

**I.**    **Facts**

In this suit, Plaintiff alleges that Defendant failed to perform on an agreement to deliver a certain quantity of copper wire. Plaintiff has issued a Rule 30(b)(6) Notice of Deposition including the following topics to which Defendant objects:

1. *Category No. 3: Golabek seeks the testimony of a corporate designee about the origin, purpose, interpretation, and practical application of the phrase "We reserve the right to limit the quantities of merchandise sold to customers" as used by Home Depot.*

2. *No. 4. All other instances where Home Depot decided not to deliver ordered merchandise post-agreement.*

3. *No. 5. The procedures by which decisions not to deliver ordered merchandise are reached in general.*

    4.    *No. 7. The procedures by which merchandise is priced for sale by Home Depot generally.*

    5.    *No. 9. The training and guidance provided by Home Depot management and employees regarding the practices and procedures for creating quotes and entering and performing sales agreements.*

    6.    *No. 10. Home Depot's step-by-step procedures for purchasing and selling merchandise, from initial purchase by Home Depot to final delivery to the consumer.*

Defendant argues that in this case, in which the parties agree that the contract under which the copper wire was to be purchased is unambiguous, the matters sought in the first two of these requests for a 30(b)(6) representative are irrelevant and overly broad, especially if the information is requested for Home Depot as a corporate entity, rather than the particular store from which the copper wire was ordered; and the information sought in Request No. 5 is vague. Defendant indicates that on February 28, 2007, the day after the Defendant filed the motion herein, the Plaintiff deposed Destiny King, the store manager of Home Depot Store No. 1520. Defendant contends that Ms. King's deposition provides the Plaintiff with the responsive information appropriate for this case, and therefore, an additional deposition of another corporate representative under the Plaintiff's Rule 30(b)(6) notice is unnecessary. If, however, the Court directs that another deposition is appropriate, the Defendant argues that the deposition should be taken at its principal place of business.

## II. Discussion

The Court has considered the arguments of the parties. The Court believes that, although this is a lawsuit that, if it meets the requirements of federal subject matter diversity jurisdiction, it does so only barely, such a circumstance alone does not dictate that discovery should be similarly tailored. Plaintiff seeks information that, for purposes of discovery, generally meets the relevance test. Therefore, the order of the Court as to each disputed request is as follows:

Category No. 3:

Home Depot should produce a representative who can discuss, if possible, the corporate policy behind the insertion of the reservation of rights sentence in the contract and its general application today, but need not testify about the multiple instances, if any, in which it has actually been applied nationwide. The Court will assume that Ms. Destiny King was questioned about the use of the clause in the local store where the purchase was made.

Category No. 4:

The Court will grant the Motion for Protective Order as to this topic. This topic might be relevant if this was a civil rights case, but it is a breach of contract case, and the Court does not believe that the use of the clause in unrelated circumstances outside this particular store is relevant.

Category No. 5:

The Court believes that this question has no relevance outside the practices of the local store, unless Ms. King acknowledged that there is a national corporate policy or that she or someone else at the local store received some direction from the national organization on how to proceed in this instance. Barring either of those, the Motion for Protective Order is granted as to this topic.

Category No. 7

The Court believes that this is an appropriate 30(b)(6) topic for the national organization.

Category No. 9:

The Court believes that this is an appropriate 30(b)(6) topic for the national organization.

Category No. 10:

The Court believes that this is an appropriate 30(b)(6) topic for the national organization.

The Court will direct that the deposition of the person or persons who will testify about these matters shall occur at the principal place of business of such person.

– 4 –

**III.     Conclusion**

Accordingly, for the reasons stated above, it is hereby **ORDERED** that the Defendant's Motion for Protective Order  Re: Rule 30(b)(6) notice [Filed February 27, 2007; Docket #50] is **granted in part** and **denied in part** as stated herein.

Dated at Denver, Colorado, this 4th day of April, 2007.

BY THE COURT:

 s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge